BART K. LARSEN, ESQ..
Nevada Bar No. 008538
JANET L. ROSALES, ESQ.
Nevada Bar No. 010736
**KOLESAR & LEATHAM, CHTD**.
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   blarsen@klnevada.com
              jrosales@klnevada.com

*Attorneys for Debtors in Possession*
*CARBON ENERGY HOLDINGS, INC and*
*CARBON ENERGY RESERVE, INC.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| In Re:<br><br>CARBON ENERGY HOLDINGS, INC.,<br><br>    Debtor. | CASE NO. BK-S-11-52099-btb |
| In Re:<br><br>CARBON ENERGY RESERVE, INC. | CASE NO. BK-S-11-52101-btb |
| CARBON ENERGY HOLDINGS, INC. and CARBON ENERGY RESERVE, INC.,<br><br>    Plaintiffs/Debtors-in-Possession,<br><br>v.<br><br>PONDEROSA INVESTMENT PARTNERS, INC.; RAYMOND L. LOWRIE; HOWARD H. POTTER; LOUIS F. COPPAGE; CORY J. COPPAGE; and DAVID S. WOLFE,<br><br>    Defendants. | **COMPLAINT FOR DECLARATORY RELIEF AND FOR INJUNCTIVE RELIEF**<br><br>Adversary No. _____ |

COMES NOW Debtors-in-Possession Carbon Energy Holdings, Inc. ("CEHI") and Carbon Energy Reserve, Inc. ("CER") (collectively, "Plaintiffs"), by and through their undersigned counsel of the law firm of Kolesar & Leatham, Chtd., and hereby complain against each of the parties named in this Complaint and respectfully allege as follows:

## JURISDICTION

1. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Venue is appropriate pursuant to 28 U.S.C. ¶¶ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This proceeding is appropriately brought as an adversary proceeding pursuant to Rule 7001(9).

2. Plaintiffs bring this case pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 2201, 2202.

## PARTIES

3. Plaintiffs are debtors-in-possession in these jointly-administered chapter 11 proceedings. Plaintiff CEHI is the sole shareholder of Plaintiff CER.

4. Defendants Ponderosa Investment Partners, Inc. ("Ponderosa"), Raymond L. Lowrie, Howard H. Potter, Louis F. Coppage, Cory J. Coppage, and David S. Wolfe (collectively, "Defendants") have asserted claims against Plaintiffs and claim to be creditors of Plaintiffs and to hold secured interests in Plaintiffs' property.

5. Upon information and belief, Defendants Louis F. Coppage, Cory J. Coppage, and Howard H. Potter are the principals and/or owners of Defendant Ponderosa.

## GENERAL ALLEGATIONS

6. Plaintiffs were rendered insolvent and forced to file for bankruptcy protection as a result of the misconduct of certain insiders, namely Defendants Raymond L. Lowrie, Howard

H. Potter, Louis F. Coppage, Cory J. Coppage, and David S. Wolfe (the "Individual Defendants"), who are minority shareholders and former officers and/or directors of Plaintiffs.

7. Plaintiffs' primary assets include their rights and interests in certain coal deposits located in Carbon County, Montana (the "Coal Deposits").

8. Beginning in or around 2006, the Individual Defendants entered into an agreement whereby they agreed to provide management and other services to Plaintiffs and to develop and market the Coal Deposits for the benefit of Plaintiffs' shareholders. In consideration for these services, the Individual Defendants received certain minority stock ownership interests in Plaintiff CEHI.

9. Beginning in or around 2006 and continuing through 2010, Defendants Louis F. Coppage, Cory J. Coppage, and Howard H. Potter, acting through Defendant Ponderosa, purportedly entered into various loan transactions (the "Ponderosa Loans") with Plaintiffs under which Ponderosa provided funds to Plaintiffs and, in return, Plaintiffs' interests in the Coal Deposits were pledged as collateral to Ponderosa. Upon information and belief, Plaintiffs received loan funds totaling approximately $723,994 from Ponderosa.

10. Upon information and belief, the Individual Defendants, acting in their capacity as officers and/or directors of Plaintiffs, approved the Ponderosa Loans on Plaintiffs' behalf.

11. Upon information and belief, a substantial majority of the proceeds of the Ponderosa Loans were paid directly to the Individual Defendants as compensation for unspecified services purportedly provided to Plaintiffs.

12. Beginning in or around 2008 and continuing through 2010, the Individual Defendants, acting in their capacities as officers and/or directors of Plaintiffs, caused Plaintiffs to issue various promissory notes to the Individual Defendants and to Ponderosa (the "Insider Loans") in amounts totaling at least $599,000 as compensation for unspecified services

purportedly provided to Plaintiffs.  As collateral for the Insider Loans, the Individual Defendants granted themselves secured interests in the Coal Deposits.

13. Beginning in or around 2007 and continuing through 2009, the Insider Defendants, acting in their capacities as officers and/or directors of Plaintiffs, caused Plaintiffs to issue various promissory notes to certain third parties (the "Third-Party Loans") in amounts totaling at least $246,983.

14. Upon information and belief, a substantial majority of the proceeds of the Third-Party Loans were paid to the Individual Defendants as compensation for unspecified services purportedly provided to Plaintiffs.

15. From the time of their election as officers and/or directors of Plaintiffs in 2006 through 2010, the Individual Defendants failed to hold any annual meeting of shareholders, failed to regularly inform Plaintiffs' shareholders of the status of Plaintiffs' business affairs, failed to respond to shareholder requests for information and documentation, failed to keep regular books and records for Plaintiffs, and were generally unsuccessful in their efforts to develop and market the Coal Deposits.

16. Plaintiffs received no actual benefit in exchange for the notes issued by the Individual Defendants in Plaintiffs' names in connection with the Ponderosa Loans, the Insider Loans, or the Third-Party Loans.  In reality, it was only the Individual Defendants that benefited from these loan transactions as a substantial majority of the loan proceeds actually received by Plaintiffs were immediately paid directly to the Individual Defendants.

17. Notwithstanding the fact that they had been unsuccessful in attempting to develop and market the Coal Deposit, in 2010 the Individual Defendants attempted to foreclose upon the Ponderosa Loans, the Insider Loans, and the Third-Party Loans in order to take ownership of the Coal Deposits for far less than their reasonable fair market value.

18. As a result of the Individual Defendants failure to develop and market the Coal Deposits and their attempt to foreclose, shareholders controlling more than 60% of the voting shares of Plaintiff CEHI executed written consents in lieu of an annual meeting effective as of October 31, 2010 removing the Individual Defendants from their positions as officers and/or directors of Plaintiff CEHI and electing a new board of directors for CEHI.

19. The new board of directors for CEHI subsequently held a meeting on December 7, 2010 to appoint new officers for CEHI and for CER.

20. The removal of the Individual Defendants from their positions as officers and/or directors of Plaintiffs was subsequently ratified on February 10, 2010 by a vote of shareholders controlling more than 60% of the voting shares of Plaintiff CEHI.

21. Notwithstanding the fact that the Individual Defendants were lawfully removed from their positions as officers and/or directors of Plaintiffs, the Individual Defendants continue without justification to represent to third parties that they remain officers and/or directors of Plaintiffs. Through such false representations, the Individual Defendants have hampered Plaintiffs' efforts to gain access to Plaintiffs books and records and have interfered with Plaintiffs' attempts to resume ordinary business operations and to develop and market the Coal Deposits.

## **FIRST CAUSE OF ACTION**

**(Declaratory Relief)**

22. Plaintiffs re-allege and fully incorporate the allegations pleaded above as if fully set forth herein.

23. Plaintiffs seek a declaration of the rights and legal relations of the parties with respect to the matters described herein pursuant to 28 U.S.C. § 2201. Specifically, Plaintiffs seek a declaration that the Individual Defendants have been lawfully and effectively removed

from their positions as officers and directors of Plaintiffs. Plaintiffs further seek a declaration that Plaintiffs received no actual consideration in exchange for the Ponderosa Loans, the Insider Loans, or the Third-Party Loans and that, as a result, all such loans are void and unenforceable as against Plaintiffs.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

24. Plaintiffs re-allege and fully incorporate the allegations pleaded above as if fully set forth herein.

25. Desite the fact that the Individual Defendants were lawfully removed from their positions as officers and/or directors of Plaintiffs, the Individual Defendants continue without justification to represent to third parties that they remain officers and/or directors of Plaintiffs.

26. Through such false representations, the Individual Defendants have hampered Plaintiffs' efforts to gain access to Plaintiffs books and records and have interfered with Plaintiffs' attempts to resume ordinary business operations and to develop and market the Coal Deposits

27. Plaintiffs seek an order enjoining the Individual Defendants from representing to any third party that they remain officers or directors of Plaintiffs or that they otherwise control Plaintiffs business affairs or property.

28. Plaintiffs further seek an order compelling the Individual Defendants to immediately release to Plaintiffs all books and records of Plaintiffs in their possession.

## THIRD CAUSE OF ACTION

### (Avoidance of the Ponderosa Loans, the Insider Loans, and the Third-Party Loans)

29. Plaintiffs re-allege and fully incorporate the allegations pleaded above as if fully set forth herein.

30. Pleading further and in the alternative, only if the Court determines that as a matter of law that the purported Ponderosa Loans, the Insider Loans, and/or the Third-Party Loans as a matter of law are enforceable and valid obligations, Plaintiffs seek to avoid said Loans pursuant to 11 U.S.C. § 544(b) and NRS chapter 112.

31. Ponderosa Loans, the Insider Loans, and the Third-Party Loans are obligations allegedly incurred by Plaintiffs through the actions of the Individual Defendants.

32. Prior to one year within the date of filing of Plaintiffs' chapter 11 petitions, neither Plaintiffs nor their innocent shareholders or creditors discovered or reasonably could have discovered the fraudulent nature of the Ponderosa Loans, the Insider Loans, or the Third-Party Loans.  Specifically, they could not have discovered that: (a) the Individual Defendants had caused Plaintiffs to enter into said loan transactions; (b) that Plaintiffs received no actual economic benefit in exchange for making the notes associated with said Loans; (c) that Plaintiffs were rendered insolvent as a result of the Individual Defendants causing Plaintiffs to enter into said loan transactions; (d) that the Individual Defendants caused Plaintiffs to enter into said loan transactions with the actual intent to hinder, delay or defraud Plaintiffs and their legitimate creditors for their own personal benefit; or (e) that Plaintiffs did not receive reasonably equivalent value consideration in exchange for entering into said loan transactions.

33. Accordingly, the Ponderosa Loans, the Insider Loans, and the Third-Party Loans are fraudulent pursuant to NRS chapter 112.

34. Pursuant to 11 U.S.C. § 544(b), Plaintiffs ask the Court to avoid the Ponderosa Loans, the Insider Loans, and the Third-Party Loans under applicable state law

## FOURTH CAUSE OF ACTION

**(Unjust Enrichment)**

35. Plaintiffs re-allege and fully incorporate the allegations pleaded above as if fully

set forth herein.

36. By entering into the Ponderosa Loans, the Insider Loans, and the Third-Party Loans, Plaintiffs conferred substantial benefits upon the Individual Defendants.

37. The Individual Defendants received and appreciated the benefits of said loan transactions in that the Individual Defendants received and retained a substantial majority of all proceeds actually received by Plaintiffs in connection with said loans.

38. The Individual Defendants have retained the benefits they received in connection with said loan transactions under circumstances that make the retention of said benefits unjust and inequitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants as follows:

1. Holding that the Individual Defendants were lawfully and effectively removed from their positions as officers and directors of Plaintiffs;

2. Holding that Ponderosa Loans, the Insider Loans, and the Third-Party Loans are void and unenforceable;

3. Ordering the Individual Defendants to refrain from representing to third parties that they continue to hold positions as officers and/or directors of Plaintiffs;

4. Ordering the Individual Defendants to immediately produce all corporate books and records of Defendants in their possession, custody, or control;

5. Avoiding the Ponderosa Loans, the Insider Loans, and the Third-Party Loans;

6. Directing the Individual Defendants to pay damages to Plaintiffs in an amount equal to the benefits unjustly retained by the Individual Defendants in connection with Ponderosa Loans, the Insider Loans, and the Third-Party Loans;

7.   Directing the Individual Defendants to pay to Plaintiffs pre-judgment and post-judgment interest at the maximum rate allowable by law and/or equity upon all damages awarded;

8.   Directing the Individual Defendants to pay Plaintiffs' costs of court; and

9.   Awarding Plaintiffs such other relief that the Court deems just and proper.

Dated this 4th day of August, 2011.

**KOLESAR & LEATHAM, CHTD.**

/s/ BART K. LARSEN, ESQ.
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Debtors-in-Possession Carbon Energy Holdings, Inc. and Carbon Energy Reserve, Inc.*