BART K. LARSEN, ESQ.
Nevada Bar No. 008538
DAVID G. ALLEMAN, ESQ.
Nevada Bar No. 007973
**KOLESAR & LEATHAM**
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:  blarsen@klnevada.com
         dalleman@klnevada.com

*[Proposed] Counsel for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CARBON ENERGY HOLDINGS, INC.<br><br>Debtor. | Case No. 11-52099-btb<br><br>Chapter 11 |
| In re:<br><br>CARBON ENERGY RESERVE, INC.<br><br>Debtor. | Case No. 11-52101-btb<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Date of Hearing :<br>Time of Hearing: |

## DEBTORS' MOTION TO REJECT EXECUTORY CONTRACTS WITH BEARTOOTH LAND COMPANY, LP

Debtors Carbon Energy Holdings, Inc. ("CEHI") and Carbon Energy Reserve, Inc. ("CER") (collectively, "Debtors"), by and through their undersigned counsel of the law firm of Kolesar & Leatham, hereby move the Court to approve Debtors' rejection of the pre-petition, executory contract purportedly entered into between Debtors' former management and Beartooth Land Company, LP ("Beartooth") for the sale of virtually all of Debtors' assets.

This Motion is made and based upon the Declaration of Gordon F. Lee filed in support hereof (the "Lee Declaration") 11 U.S.C. § 365(a), Rule 9014 of the Federal Rules of

Bankruptcy Procedure, the attached Points and Authorities, the pleadings and papers on file herein, and any additional argument or evidence considered by the Court at the time of the hearing of this Motion.

Dated this 8th day of August, 2011.

**KOLESAR & LEATHAM**

/s/ BART K. LARSEN, ESQ.
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Debtors Carbon Energy Holdings, Inc. and Carbon Energy Reserve, Inc.*

## POINTS AND AUTHORITIES

### I.   BACKGROUND.

1. Debtor Carbon Energy Holdings, Inc. ("CEHI") is the sole shareholder and 100% owner of Debtor Carbon Energy Reserve, Inc. ("CER").

2. Both of the Debtors are governed by the same officers and board of directors, which consist of Gordon F. Lee ("Lee"), Victoria J. Blackburn ("Blackburn") and Norbert H. Kmoch ("Kmoch").

3. Debtor CEHI's only asset of significance is its ownership interest in Debtor CER, which in turn owns certain surface rights and the mineral rights to a large deposit of coal located beneath approximately 8,200 contiguous acres of real property in Carbon County, Montana (the "Coal Rights"), which CER or its predecessors have held since at least 1976.

4. In 2006, the ownership structure of Debtor CER was reorganized, and CEHI was established as the sole shareholder of CER. In connection with the 2006 reorganization, a business plan was adopted under which Raymond L. Lowrie, Cory J. Coppage, Howard H. Potter,

1  Louis F. Coppage and David S. Woolf (collectively, the "Former Managers") became officers
2  and/or directors of the Debtors.

3      5.    From 2007 through 2010, the Former Managers failed to hold any annual meeting
4  of shareholders of either CEHI or CER and were generally unsuccessful in their efforts to
5  develop and market the Coal Rights as anticipated under the 2006 business plan.

6      6.    As a result, in 2010 shareholders controlling approximately 56.7% of the voting
7  stock of CEHI voted by written consent in lieu of an annual meeting to remove the Former
8  Managers from their positions as officers and directors of CEHI and elected Lee, Blackburn and
9  Kmoch as directors of CEHI effective as of October 31, 2010.[1]

10      7.    On December 7, 2010, the board of directors of CEHI met and elected Lee,
11  Blackburn and Kmoch to serve as the officers of CEHI.[2]

12      8.    On December 7, 2010, CEHI, as the sole shareholder of CER, voted by written
13  consent in lieu of an annual meeting of shareholders to elect Lee, Blackburn and Kmoch as the
14  officers and directors of CER.[3]

15      9.    After learning that they had been displaced as officers and directors of the
16  Debtors and after initially agreeing to vacate their positions as such, the Former Managers sent a
17  letter to the shareholders of CEHI on or about December 15, 2010 in which they claimed that
18  they remained in control of CEHI and called for a special meeting of shareholders of CEHI to
19  take place on January 7, 2011 for the purpose of electing officers and directors of CEHI.[4]

20      10.    A special meeting of shareholders of CEHI took place on January 7, 2011;
21  however, the Former Managers caused the meeting to be adjourned until February 10, 2011
22  before the shareholders were able to elect officers or directors.[5]

---

[1] Lee Declaration, Exhibit 1.

[2] *Id.*, Exhibit 2.

[3] *Id.*, Exhibit 3.

[4] *Id.*, Exhibit 4.

[5] *Id.*, Exhibit 5

11. The special meeting of shareholders of CEHI reconvened on February 10, 2011 at which time shareholders controlling at least 60% of the voting stock of CEHI again voted to remove the Former Managers from their positions as officers and/or directors of CEHI and elected Lee, Blackburn and Kmoch as directors of CEHI.[6]

12. Notwithstanding the fact that they had previously been removed from their positions as officers and/or directors of CEHI and CER, the Former Managers entered into an asset purchase contract (the "Asset Purchase Contract") with Beartooth Land Company, LP ("Beartooth") on or about April 13, 2011 under which the Former Managers agreed to sell the Coal Rights to Beartooth for $10,000,000 and potential non-cash future royalties.[7]

13. In connection with the Asset Purchase Contract, the Former Managers also entered into an exploration access agreement with Beartooth (the "Access Agreement") on April 29, 2011 through which the Former Managers purportedly granted Beartooth temporary surface access to the Coal Rights for testing purposes.[8]

14. The Former Managers had no actual authority to enter into the Asset Purchase Contract or the Access Agreement on behalf of CEHI or CER. Moreover, neither the Asset Purchase Contract nor the Access Agreement was ever presented to or voted upon by the shareholders of CEHI.

15. To date, neither the Debtors nor Beartooth has tendered any performance under the Asset Purchase Contract or the Access Agreement.

16. The consideration to be paid by Beartooth in exchange for the Coal Rights under the Asset Purchase Contract is far below the actual fair market value of the Coal Rights, which the Debtors conservatively estimate to be worth at least $40,000,000.

17. The consideration to be paid by Beartooth under the Asset Purchase Contract is unlikely to be sufficient to provide any significant return to the Debtors' shareholders.

///

---

[6] *Id.*, Exhibit 6.

[7] *Id.*, Exhibit 7.

[8] *Id.*, Exhibit 8.

KOLESAR & LEATHAM
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## II.     LEGAL ARGUMENT.

18.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).

19.    Under section 365(d)(2) of the Bankruptcy Code, the trustee or debtor-in-possession in a Chapter 11 case "has until a reorganization plan is confirmed to decide whether to accept or reject an executory contract." *Nat'l Labor Relations Bd. v. Bildisco and Bildisco*, 465 U.S. 513, 529 (1984).

20.    "An executory contract is one 'on which performance remains due to some extent on both sides.'" *In re Robert L. Helms Const. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998) (quoting *Nat'l Labor Relations Bd. v. Bildisco and Bildisco*, 465 U.S. 513, 522-23 (1984)). "More precisely, a contract is executory if 'the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.'" *Id*. (quoting *Griffel v. Murphy (In re Wegner)*, 839 F.2d 533, 536 (9th Cir. 1988)).

21.    In determining whether to approve a debtor's rejection of an executory contract, a bankruptcy court applies the business judgment rule. *Id*. Accordingly, "a bankruptcy court need engage in 'only a cursory review of a [debtor-in-possession]'s decision to reject the contract.'" *Id*. (quoting *Durkin v. Benedor Corp (In re G.I. Indust., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000)).

22.    "Thus, in evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Id*. (citations omitted).

23.    The court "should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on

KOLESAR & LEATHAM
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

bad faith, or whim or caprice.'" *Id*. (quoting *Lubrizol Enter. v. Richmond Metal Finishers*, 756 F.3d 1043, 1047 (4th Cir. 1985)).

24.  In the case at hand, the Asset Purchase Contract and the Access Agreement were entered into on Debtors' behalf by Former Management who lacked any authority to bind Debtors to any agreement to sell substantially all of Debtors' assets for far less than market value.

25.  Because neither the Debtors nor Beartooth has tendered any significant performance under the Asset Purchase Contract or the Access Agreement, it should be clear that both the Asset Purchase Contract and the Access Agreement remain an executory contracts that are subject to rejection pursuant to § 365(a).

### III.   CONCLUSION

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an Order approving their rejection of both the Asset Purchase Contract and the Access Agreement pursuant to § 365(a) of the Bankruptcy Code.

Dated this 9th day of August, 2011.

**KOLESAR & LEATHAM**

/s/ BART K. LARSEN, ESQ.
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Debtors Carbon Energy Holdings, Inc. and Carbon Energy Reserve, Inc.*